Gaston, J.
 

 In April, 1836, the plaintiff, William Wads-worth, filed his bill in the Court of Equity for the county of Davidson, and therein charged, that in the month of Jan
 
 *222
 
 uary, 1834, at a public sale made by the defendant, John Ctoss, as the executor of Frederick Goss, deceased, the plaintiff purchased a negro slave named Dick, at the price ant^ to seciire the payment of the purchase money, executed his bond with sureties for that amount, payable twelve months thereafter. The plaintiff further charged, that, at the time of the sale, the said negro was diseased; that this fact was well known to the defendant, but fraudulently concealed from the plaintiff; that the negro lingered of the said disease 'for two or three months after the sale, and then died of the said disease; that the plaintiff, since the death of the said negro, applied to the defendant to rescind the sale and return the plaintiff his bond, but the defendant had not only refused to comply with this request, but threatened to put the said bond .in suit; and thereupon the plaintiff prayed that the defendant might be enjoined from suing upon said bond, and for general relief. On the filing of the bill an injunction issued to restrain the defendant from putting the bond in suit, until the further order of the court. The defendant put in his answer to the said bill, and therein denied positively, that, at the time of the sale, he knew or had heard or believed that the negro was in any way diseased — averred that no one in the State was better acquainted with the said negro than the plaintiff, who, for years before the sale and up to the time of sale, was accustomed to see the said negro at his daily labour and to work with him; and declares that the defendant, at the time of putting in the said answer, as he had continually done before, believed that the said negro was sound and free from disease at the time of the sale. Upon this answer the injunction was dissolved, and the plaintiff had leave to hold over his bill as an original bill, and replied generally to the defendant’s answer. The parties having .taken their proofs, the cause was set down for hearing and transmitted to this .court.
 

 We have examined all these proofs, and deem it incumbent on us to state, that the plaintiff has utterly failed to establish thereby the case made by his bill. There is testimony to render it probable that the negro was sick at the time of the sale. He so declared, but neither the plaintiff nor
 
 *223
 
 the defendant, both of whom, according to the testimony, heard these declarations, placed any confidence therein, and the plaintiff according to all the witnesses had far more numerous opportunities and better means of learning the condition of the negro’s health than the defendant. There is no satisfactory evidence, that this sickness, if it existed at the time of the sale, was a serious disease or occasioned the death of the negro, who continued to work for the plaintiff until a very few days before his death — and, above all, there is no proof from which fraud or deceit in the sale can be inferred against the defendant. It appears that the plaintiff bought what he deemed a great bargain; that he was offered an advance on his purchase; and that he refused to take it. The speculation has proved a bad one — but the loss must remain where the act of Providence has thrown it.
 

 The bill must be dismissed with costs.
 

 Per Curiam, Decreed accordingly